HENDRICKSON, Respondent, v. MESENBERG, Appellant.

(195 N. W. 36.)

(File No. 5306.   Opinion filed September 25, 1923.)

**Vendor and Purchaser—Contracts—Vendor's Requirement that Purchaser's Widow and Children Vacate Held Such Repudiation of Contract as Authorized Recovery of Money Paid.**

Where purchaser made down payment, but took possession without executing note and mortgage for balance of price, and, after his death, vendor required his widow and children to vacate without offering to carry out the contract, this was such repudiation of the contract as authorized purchaser's administrator to treat it as abandoned and recover the amount paid.

Appeal from Circuit Court, Codington County; Hon. W. N. SKINNER, Judge.

Action by Arthur H. Hendrikson, as administrator of Carl Krause, deceased, against William Mesenberg. From a judgment and order in favor of plaintiff, defendant appeals. Affirmed.

*John N. Weber* and *Geo. H. Marquis,* both of Watertown, for Appellant.

*Hanten & Hanten,* of Watertown, for Respondent.

Appellant cited: Way v. Johnson, 5 S. D. 237, 58 N. W. 552; Hawkins v. Rodgers (Ore.), 179 Pac. 563; Strang v. Person (Wash.), 185 Pac. 944; Cooper v. Thomason (Ore.), 45 Pac. 296.

Respondent cited: Hauert v. Kaufman (S. D.), 186 N. W. 55; Cleary v. Folger, 84 Cal. 316, 24 Pac. 280, 18 Am. St. Rep. 187; Ink v. Rohrig, 23 S. D. 548, 122 N. W. 594; Hogan v. Bechtel, 27 S. D. 98, 129 N. W. 914.

GATES, J. This is an action to recover money paid by plaintiff's intestate, Carl Krause, towards the purchase of a house and

lots in the town of South Shore. Oral negotiations were had between Krause and a banker and between Mesenberg and the banker. Although, as found by the trial court, there never was a binding contract, yet for the purposes of this opinion we will assume that the terms of the contract had been agreed upon. Krause paid $3,000, and was to execute a note and mortgage for $4,000. Without having done this he immediately went into possession of the premises the latter part of October, was taken sick a few days later, and died November 17. The widow and children remained in possession until the following April, when defendant required them to vacate, which they did. In June plaintiff was appointed administrator, and brought this action. By his answer, defendant, for the first time, offered to carry out the terms of the contract. Findings of fact, conclusions of law, and judgment were rendered in favor of plaintiff adjudging the repayment of the $3,000 less the value of the use of the premises and certain other items. Defendant appeals.

Regardless of other questions in the case, we are of the opinion that the requirement by appellant that the widow and children should vacate the premises was such a repudiation of the contract on appellant's part as authorized the administrator to treat it as abandoned, and to maintain this action. 6 R. C. L. 929.

The judgment and order appealed from are affirmed.

Note.—Reported in 195 N. W. 36. See, Headnote, American Key-Numbered Digest, Vendor and purchaser, Key-No. 334(4), 39 Cyc. 2003.